# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SAMANTHA RAJAPAKSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-00158-CLC-CHS |
| ) | |
| INTERNET ESCROW SERVICES, ) | |
| *d/b/a Escrow.com* ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

**I.    Introduction**

This matter is before the Court on Plaintiff's Motions for Recusal.[1] [Docs. 8 and 10]. The motions request that the undersigned recuse himself, or, alternatively, that the Chief United States District Judge remove the undersigned as magistrate judge on this case, citing alleged bias in a prior lawsuit that Plaintiff had previously filed in this Court, which lawsuit was ultimately dismissed. For the reasons stated herein, the undersigned declines to recuse and denies the motions.

**II.    Background**

By way of background, on April 18, 2016, Plaintiff filed her previous lawsuit in this Court against her former landlord alleging violations of the Tennessee Uniform Residential Landlord and Tenant Act, Tenn. Code Ann. § 66-28-101, *et seq.*, deprivation of equal protection and due process afforded by the United States Constitution, and violations of the Fair Housing Act, 41

---

[1] Plaintiff Samantha Rajapakse sent a letter to Chief United States District Judge Travis R. McDonough dated July 23, 2021, requesting that her case be reassigned to another United States Magistrate Judge, citing unfair treatment in a previous lawsuit which she prosecuted *pro se*. This letter was filed and docketed with the Clerk's office as a "motion to recuse" and is found in CM/ECF as Doc. 8. This same letter was attached as an exhibit to Plaintiff's Motion to Recuse which is found in CM/ECF as Doc. 10. For purposes of clarity, this Order deals with Plaintiff's letter and her formal motion.

U.S.C. §§ 3601-3619. Factually, her lawsuit was based on her rental of an apartment and subsequent eviction from that unit at an apartment complex known as the Royal Arms Apartments in Chattanooga, Tennessee. On December 5, 2017, this Court dismissed Plaintiff's claims on the ground that they had been the subject of two prior state court proceedings in which final judgments had been entered and were, therefore, barred by the doctrine of res judicata. *Rajapakse v. Lexington Asset Management (TN), LLC*, No. 1:16-cv-97-CHS (E.D. Tenn., Dec. 5, 2017) (hereinafter referred to as the "landlord-tenant case"). Plaintiff appealed this Court's decision to the Sixth Circuit Court of Appeals. The appellate court affirmed this Court's ruling in a decision dated June 25, 2018. In that decision, the Court of Appeals noted that Plaintiff had accused this Court of bias based on an alleged comment made by the undersigned in a hearing, *to wit*, "I guess you want money behind this?" The Court of Appeals rejected this argument as meritless:

> "It has long been the law of this circuit that 'a judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (alteration in original) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)). Rajapakse's claim is underdeveloped; she does not, for instance, identify where in the record the court made this remark to her or explain how it exhibited bias. But assuming that the district court judge did make the remark to Rajapakse, that comment alone is not enough to establish that a reasonable person would have questioned the judge's impartiality, *see id.*, and Rajapakse's claim is therefore without merit.

*Rajapakse v. Lexington Asset Management (TN), LLC*, No. 18-5028, slip op. at 7 (6th Cir. June 25, 2018).

Ms. Rajapakse's current motion to recuse states that she does not feel the undersigned would be fair to her. [Doc. 10, Motion to Recuse at 1]. Ms. Rajapakse has attached to her motion a letter she wrote to Chief District Judge Travis McDonough in which she alleges that "[d]uring a hearing in court [in the landlord-tenant case] Magistrate Steger did not allow me to address my case and while speaking with the opposing party he made a comment [sic] 'I guess she wants some

money behind this.'" The record in the landlord-tenant case reflects that the undersigned had one in-person meeting with Ms. Rajapakse and Defendant's counsel—a status conference in open court on November 16, 2016. [Doc. 61 in *Rajapakse v. Lexington Asset Management (TN), LLC*, No. 1:16-cv-97-CHS (E.D. Tenn.]. During that hearing, the Court discussed with the parties a variety of pending motions. The transcript reflects that the Court allowed counsel for defendant and then Ms. Rajapakse to speak regarding Defendant's motion to dismiss.[2] Further, the transcript does not contain the comment Plaintiff attributes to the undersigned. However, the following colloquy did take place between the Court and Ms. Rajapakse:

> The Court: Let me ask you this. One of the things I do oftentimes is try to help bring the parties together to see if there is common ground. And I understand what your complaint is and I understand what the defendant's position is. And you're not suing to try to get back in that apartment complex, are you?
>
> Plaintiff: No, sir.
>
> The Court: What are you—you're suing for monetary damages?
>
> Plaintiff: My monetary damages?
>
> The Court: Yes, ma'am. How much do you —
>
> Plaintiff: Well, I was out—well, if we're just talking about moving itself, I was out $3,000, . . . .

[Transcript of November 16, 2016 status conference at 39].

Ms. Rajapakse's allegations that the undersigned did not allow her to address her case is patently false. And, her allegation of bias or prejudice in connection with the Court's inquiry about the relief she was requesting in her case—whether it be equitable relief or monetary damages—is an obvious mischaracterization of the discussion that took place. The Court was merely attempting to determine whether a mediated settlement of the case might be possible.

---

[2] A copy of the complete transcript of the hearing is attached as Exhibit 1 to this Order.

**III.     Analysis**

The applicable recusal statute, 18 U.S.C. § 455(a)-(b)(1), provides:

**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

**(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

In this circuit, Section 455(a) is interpreted to mean that a judge shall recuse himself "if a reasonable, objective person, knowing all the circumstances, would have questioned the judge's impartiality." *Johnson v. Mitchell*, 585 F.3d 923, 945 (6th Cir. 2009) (internal quotation omitted); *see also United States v. Prince*, 618 F.3d 551, 561 (6th Cir. 2010); *Dillingham v. Schofield*, No. 2:11-cv-07, 2011 WL 3664470, at 11 (E.D. Tenn. Aug. 19, 2011). This standard is objective as opposed to a subjective standard. *Burley v. Gagacki*, 834 F.3d 606, 615-16 (6th Cir. 2016); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988) ("The standard is an objective one; hence, the judge need not recuse himself based on the subjective view of a party no matter how strongly that view is held.") (internal citation omitted). The burden is on the moving party to show a basis for recusal or disqualification. *Burley*, 834 F.3d at 616. On the other hand, "'[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.'" *Dillingham*, 20 WL 3664470, at 11 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

Bias or prejudice within the meaning of Section 455(b)(1) "may stem from either personal or extrajudicial sources, or arise during the course of current or prior proceedings." *Burley*, 834 F.3d at 616 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "Prejudice or bias in this

context means 'a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it rests upon knowledge that the subject ought not possess . . . , or because it is excessive in degree." *Burley*, 834 F.3d at 616.

Plaintiff's request that the undersigned recuse or be disqualified is based entirely on alleged conduct in the prior landlord-tenant case. The Court concludes that no reasonable, objective person, knowing all the circumstances, would question the undersigned's impartiality in that case or in this one. The transcript and the record from the prior case reveal that the Court treated Ms. Rajapakse fairly and with respect, even as Ms. Rajapakse struggled to understand the Court's procedures and the legal issues presented in her case. Further, there is no evidence that the undersigned possessed outside knowledge (and, indeed, the Court did not possess any outside knowledge) that might have given rise to prejudice against Ms. Rajapakse. In addition, the Court's decision in the previous case could not fairly be characterized as "wrongful" or "inappropriate." To the contrary, the Court of Appeals affirmed this Court's decision to dismiss Ms. Rajapakse's landlord-tenant case because it had been fully litigated in state court.

Against the backdrop of Ms. Rajapakse's unfounded allegations in support of her request that the undersigned recuse, the Court is mindful that, "'[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.'" *Dillingham*, 20 WL 3664470, at 11 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). If the Court were to accede to recusal demands based upon unfounded accusations of bias, it would empower litigants to manipulate the random judicial assignment process in a quest to shop for judges perceived to be more favorable. Ultimately, this would subvert justice.

The undersigned concludes there is no basis under 18 U.S.C. § 455 for this Court to recuse from the instant case. The issues presented to this Court will be decided fairly and impartially. For

the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motions for Recusal [Docs. 8 and 10] are **DENIED**.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE