UNITED STATES DISTRICT COURT OF EASTERN TENNESSEE

OF CHATTANOOGA, TENNESSEE

FILED

NOV 22 2021

Clerk, U. S. District Cou[rt]
Eastern District of Tenness[ee]
At Chattanooga

SAMANTHA RAJAPAKSE,
    PLAINTIFF

v.                                                                        No. 1:21-cv-00158 CLC- CHS

INTERNET ESCROW SERVICES
D/B/A ESCROW.COM

---

**PLAINTIFF'S PETITION TO THE HONORABLE DISTRICT COURT CURTIS L. COLLIER, PETITON INSTANT MOTION TO RECUSE MAGISTRATE AND AMEND ORDER**

---

**TO THE HONORABLE DISTRICT COURT CURTIS L. COLLIER, SR,**

Plaintiff, Samantha Rajapakse, representing herself before this court respectfully address a great concern over her case and respectfully petition and or request for the District Court to intervene in this matter. Plaintiff has been in "review" before the Magistrate Christopher H. Steger for a total of seven (7) months since the date of filing stating Plaintiff's complaint will be review when it is practical for the court. Plaintiff has contacted the clerks offices in

1

various states to confirm the procedures seeking what is "practical" or a time line which has not be provided and upon review of *(See Fed. R. Civ. Practice 72)* which states a Magistrate must prompt review a case for a decision. Due to this dilemma, the Plaintiff is now required to file this Motion in an abundance of caution to ensure that an impartial judge, who does not have a personal history and professional association with defense or bias which may affect the court seek this court to vacate or amend the order **[Dkt:# 15]** ordering an extension of time for the Defendant. Prior to filing this motion Plaintiff has attempted to resolve this manner without the assistance of the Honorable Collier in every way possible but has no other recourse but to respectfully file this motion in seeking relief. **RELIEF:** To **VACATE** the order and allow defendant's to be served.

## Synopsis of the Complaint

Plaintiff case stem from a scammer placing a vehicle on Ebay Motors to sell. The seller stated there was nothing wrong with the vehicle he simply could not afford the insurance. Due to the pandemic a mobile mechanic recommended by Ebay would not go out due to Covid-19. To ensure Plaintiff was protected from the transaction and under recommendation on Ebay website he used Escrow.com to secure her funds during the transaction; Escrow.com website ensured buyers and seller's risk and fraud protection. The funds were in Escrow.com and the Plaintiff paid to additional funds to have the vehicle delivered and upon arrival and inspection the seller started to disclose issues to the vehicle. Plaintiff had the vehicle inspected at reputable repair shops and found the motor was bad. After reporting with findings of the documentation of the vehicle (I.e police reports as required) and rejecting the

2

offer to Escrow. Escrow continue to handle the transaction as "normal". Escrow.com did not arbitrate as part of their policy nor take necessary steps to prevent the fraudulent transaction and surrendered the funds to the scammer. Further findings that will be placed in Plaintiff's amend complaint shows that the vehicle could not be returned due to the seller could not be located at the address he provided to Escrow.com.

1. Plaintiff filed in Eastern Tennessee in fear due to the case filed in this court *( See Rajapakse v. Lexington Asset Management No. 1:2016-cv-00097)*iduring a trial proceedings Magistrate Steger was very rude to Plaintiff and making a comment after the defense finished addressing the court " I guess she wants some money?" making Plaintiff feel demeanored and the court had become bias. A judicial complaint was filed as well against Magistrate Steger of his misconduct but was dismissed.
2. Later in that proceedings, with supportive evidence presented by Plaintiff on her merits of the complaint showing Defendants violated the Uniform Tennessee Act , Magistrate Steger dismissed Plaintiff's complaint. Plaintiff has been hesitate to file any complaints before this court.
3. Plaintiff was force to file her complaint of *(See Rajapakse v. Stevens No. 2:2020-cv-00031)* in the District Court of Middle Tennessee to perserve her rights of Due Process and Equal Process. The case was assigned to Magistrate Susan K. Lee and Chief Justice Travis R. McDonough before this court in which the process and Equal Protection was upheld and the court heard the pleading of both parties timely.

4. This case was filed in the District Court of Southern *(See Califorria ( Rajapakse v. Escrow No. 3;2021-cv-00801)* . The district court ordered the case to be filed in Plaintiff's district since the vehicle and transaction was in Tennessee.

5. The case filed in July 13, 2021 **[Dkt:#2]** in the Eastern District Court of Tennessee and assigned to Magistrate Steger. The Magistrate's order granted Plaintiff to enter in forma paupas but stated the case will be review it was practical to the court

6. Due to previous comments made by the Magistrate and to protect the public integrity of the court Filed contacted the Chief Justice Travis R. McDonough via phone and letter (Dkt: 8, 10) seeking recusal of Magistrate Steger on her case of her concern of receiving a fair trial before the Magistrate and was advised all request must be placed in a motion. Magistrate Steger denied Plaintiff's motion **[Dkt. #11]**. This thus setting the foundation for Magistrate Christopher H. Steger to have personal bias towards Plaintiff who is representing herself before this court. The Sixth Circuit held " The first indication of the trial judge was hostile toward Plaintiff in the case came during pretrial conference." *( See United States v. Pointdexter, 942 F.2d 354, 360 (6th cert denied 502 U.S. 994 112 S.Ct. 116 Led 2d 637 (1991); United States v. Koenig, 300 F2d 377 (6th Cir. 1962 )* of judge over stepping its bounds of judicial showing hostile attitude toward Plaintiff.

7. November 16, 2021 after seven months of Plaintiff's case pending, Plaintiff filed a summons certified with the court to serve Defendant, Internet Escrow Services also known as Escrow. Com under Rule 4. The complaint at the time of filing did not have an attach summons; certified with the clerk under rule 4 and served Escrow.com by overnight via United States Postal Service **[*EE 312 615 574 US*]** November 16, 2021.

The Defendants signed for on November 17, **[Dkt #12]** and returned to the court with proof of service on November 18, 2021 **[Dkt.# 14]**. The Magistrate issued an immediate order **[Dkt.# 15]** order extending Plaintiff's summons pending review of the case.

8. The Plaintiff is representing herself against Defendants and prior Defendants stated in **Paragraph #2** and it appears the Magistrate has a personal bias against Plaintiff for exercising her right to address the court respectfully on the conduct of a Judge or Magistrate.

**Fed. R. Civ. P. Summons**

2. The court may permit a summons to be amended. The ordered issued by Magistrate Christopher H. Steger should be amended to uphold the integrity of the court and to preserve the Rights of both parties. The question as to why Magistrate H. Steger would review the Plaintiff's complaint in delaying summons question a decision without the answer from Defendant's answer would be in the record without filing a motion a violation of *42 U.S.C§1983* depriving a Plaintiff under the Color of Law establishing Magistrate Christopher H. Steger intentionally and willfully deprive Plaintiff of a right secured by the Constitution of laws of the U.S., *(See Daniels v. Williams, 474 U.S. 327 330-31, 106 S.Ct. 662 L.Ed 2d 662 (1986); Reynolds v. Jamison, 488 F.3d 756, 764 (7th Cir. 2007)*

b. Issuance; on or after filing the complaint, the Plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk **MUST** sign, seal and issue it to the Plaintiff for service on the Defendant. This process was conducted complete and proper and the Defendant signed for the summons which would have given the 21 days from the date of

service. The order issues afterwards by Magistrate Christopher H. Steger deprived Plaintiff of her right under Rule 4 and would be the subject of appeal and questioning Magistrate Christopher H. Steger 7 month delay review and process of Plaintiff's complaint.

## Federal Rule of Procedure 72 of Judges and Magistrate:

When a party claims or defense is referred to a Magistrate Judge to hear and decided the Magistrate judge must promptly conduct the required proceedings and when the appropriate, issue a written order stating the decision.

Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

●Outside Influence. A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.

●Nondiscriminatory Membership. A judge should not hold membership in any organization that practices invidious discrimination on the basis of race, sex, religion, or national origin.

## Tennessee Rule 10: Code of Judicial Conduct

A judge shall comply with the law, including the Code of Judicial Conduct. A judge shall act at all times in a manner that promote public confidence in the independence, integrity and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

<u>Cannon 2 Judiciary Conduct</u> : A Judge shall perform the duties of Judicial Office Impartially, Competently, and Diligently.

2.1 Giving Precedence to the Duties of Judicial Office.

The duties office, as prescribed by law, shall take precedence over a a judges personal extrajudicial activties.

District Court Collier trusts the Magistrate to promptly administer his duties and uphold the oath of office to ensure the United States Constitution, Tennessee Constitution, and the Rules of the court.

The Canons of judicial conduct require that a "judge shall... perform all duties of judicial office impartially." Cannon 3 of the Federal Code of Judges and Magistrates Those Canons also require that a "judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Tennessee Cannon states a "Judge" shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety. *(U.S. Judicial Code Tennessee Judicial Code 1.2).* In fact, "[u]nder this Rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, **regardless** of whether any of the specific provisions of subsections. The need for impartiality is so important that, even absent a motion to recuse, a judge maintains his disqualified status. Id. Comment 1 ("A judge's obligation not to hear or decide matters in which disqualification is required applies **regardless** of whether a motion to disqualify is filed.") (Emphasis added). Cannons under rules states the Judge shall compliance with the law including the *Judicial Code of Conduct (Rule 1.1.).* Public confidence in the judiciary is eroded by

improper conduct and conduct that creates the appearance of impropriety. This principle applies to both professional and personal conduct of a judge. *( Tennessee Code comment#2)* and "Judge" should be expected to be the subject to public scrutiny that might be viewed as burdensome if applied to other citizens and must accept the restrictions imposed by the code ( Tennessee Code comment). This applies to **Rule 72** of being prompt of handling cases with or without counsel. Conduct that compromises or appears to compromise the independence, integrity, and impartiality of a judge undermines public confidence in the judiciary because it is not practcable to list all such conduct. (Tennessee Code comment#3). " Judges should participate in activites that promote ethical conduct among judges and lawyers, and support professionalism within the judiciary and the legal profession, and promote access to justice for all ( Tennessee Code comments #4). Actual improprieties include violation of law, court rules or provision of federal and state code. The test for appearance of impropriety is whenever the conduct would create in reasonable minds a perception that the judge violated the codes or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as judge *( Tennessee Code Comment #5) C(D)* defines "judicial misconduct" is treating litigants or attorneys in a demonstrably egreious and hostile manner. *(2)* conducting the court with an improper motive.

The definition of "reasonably be questioned," from the recusal the judiciary is the foundation prrovided that would protect liberty, *(See Bowsher v. Synar, 478 U.S. 714, 106 S.Ct. 3181, 3186, 92 L.Ed 2d 583 ( 1986)*. In that case, the Court of Appeals explained that disqualification is required where "**a reasonable member of the public knowing all the circumstances would be**

**led to the conclusion that the judge's impartiality might reasonably be questioned."** *28 U.S.C.§ 455 t*his is to ensure, in other words to perform its high function in the best way of justice must satisfy the appearance of justice, *In re Murchison, 349 U.S. 133, 136 75 S.Ct. 623 99 L.Ed 949 (1955)* ***quoting*** *Offutt v. United States, 348, U.S. 11 14, 75 S.Ct. 11, 99 (1954) . ( See additional case were judges membership discriminated against women and African American, In re Judicial Misconduct, 664 F. 3d 332; Wl 605029, December 1, 2011).*

The second definition of "when the court find it particular" is difficult to foresee a situation wherein Judge Christopher H. Steger , can withhold a case from being served an excessive amount of time causing confusion in the court and possible hostile with the parties.

Allowing Judge Christopher H. Steger to make the preliminary determination of Plaintiff would put the integrity of the court and public trust at hand regarding preliminary motions and proceeding including reports and recommendation to the District Court in decisions before this case. Rule 72 states all matters before the court should be handled promptly.

The role of the trial judge in making a preliminary determination regarding Rajapakse's ability to render expert opinions in this case cannot be understated. The judge presiding over this trial will need to accept or decline critical pleadings between the parties that will result in a fair outcome in this matter. Judge Christopher H. Steger Any "reasonable member of the public", knowing all the circumstances related to the case and history together between the Judge Christopher H. Steger, would easily conclude that Judge Christopher H. Steger impartiality might reasonably be questioned and, therefore, he should not preside over this proceedings.

The delay of summons and the behavior of Magistrate Christopher H. Steger denial his own recusal would question the case of Caperton v. Massey, 129 S.Ct. 2252 (2009) whether Due Process clause of the Fourteenth Amendment was violated when on the justices in the majority denied a recusal motion. Standards that required recusl when "the probability of actual bias on the part of the judge or decision maker is too high to be constitutionality tolerable, *(See Withrow v. Larkin, 421 U.S. 35, 47 95 S.Ct. 1456, 43 L.Ed 2d 712 (1975)*. Common-law rule a judge must recuse direct-personal substantial pecuniary interest, *(See Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437 71 L.Ed 749 (1927)*. The genuine due process *2259 implication arise under federal law when a judge failure to recuse himself, *(See Aetna Life, Inc. Co. v. Livoie, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed 2d 823, (1986); in re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623 99 L.Ed 942 (1955)*.

**In conclusion,** all Parties in this case are entitled to a fair and impartial trial, and that goal can only be accomplished through an impartial judge presiding over the trial. Consequently, for all the foregoing reasons, it would be improper for Magistrate Christopher H. Steger to preside over the trial or proceedings of this matter.

**WHEREFORE,** for the foregoing reasons, Plaintiff requests respectfully that the instant Motion be granted and Magistrate Christopher H. Steger be recused from presiding over the trial of this matter.

Respectfully Submitted,

Samantha Rajapakse
Plaintiff/ Pro se

3221 Westonia Drive
Chattanooga, TN 37412
423.551.1854

## CERTIFICATE OF SERVICE

A copy of this pleading has been emailed and mailed via United States Postal Services to the party on the record of the court. On November 22, 2021.

Sincerely,

Samantha Rajapakse