UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SAMANTHA RAJAPAKSE,<br><br>           Plaintiff,<br><br>v.<br><br>INTERNET ESCROW SERVICES, INC., et al.,<br><br>           Defendant. | Case No. 1:21-cv-00158-CLC-CHS<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT INTERNET ESCROW SERVICES, INC.'S
## OPPOSITION TO MOTION FOR DEFAULT JUDGMENT

AMIN, TUROCY & WATSON LLP

Andrew T. Oliver (admitted *pro hac vice*)
aoliver@ATWiplaw.com
Cal Bar No. 226098
160 West Santa Clara Street, Suite 975
San Jose, CA  95113
Telephone: 650-618-6477
Facsimile: not used

*Attorneys for Defendant*
*Internet Escrow Services, Inc.*

Defendant Internet Escrow Services, Inc. ("Defendant" or "IES") hereby opposes Plaintiff Samantha Rajapakse's ("Plaintiff" or "Rajapakse") motion for default judgment, filed as ECF No. 39 (the "Motion").

I. ARGUMENT

Speaking plainly, Ms. Rajapakse's Motion under Rule 55(b)(1) is frivolous. That rule allows for default judgment only against "a defendant who has been defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). And it allows default judgment only when the "claim is or a sum certain or a sum that can be made certain by computation." *Id.* Neither situation is present here.

It is indisputable that no Rule 55(a) default has been entered in this case. *See generally* case docket on PACER. And it is indisputable that Defendant presented defenses in a motion to dismiss under Rule 12(b) (*see* ECF No. 34, dated February 4, 2022). The Court permitted such a motion on or before February 4, 2022. ECF No. 33 ("Defendant has until February 4, 2022, in which to answer or otherwise respond to the Amended Complaint). That motion is pending. Thus, default is not even possible at this time. *See* Fed. R. Civ. P. 55(a) (permitting default "[w]hen a party … has failed to plead or otherwise defend …"). And "[a]n entry of default judgment is only available under Rule 55(b)(1) where the Defendants have not made any appearance." *Bankunited, N.A. v. Fun Hotels, LLC*, No. 3:21-cv-96, 2021 U.S. Dist. LEXIS 249531, at *3 (E.D. Tenn. Nov. 10, 2021).

Moreover, Ms. Rajapakse's request for default judgment does not present "a sum certain or a sum that can be made certain by computation" as required by Rule 55(b)(1). Rather, Ms. Rajapakse presents her speculative and grossly inflated request for $100,000 based on her unsupported prayer for relief that relates to a purchase of a vehicle for $1,900. As can be seen by her complaint, Ms. Rajapakse seeks $100,000 for unproven "mental duress, emotional duress, humiliation, [and] depression due to negligence …" ECF No. 30 p. 11 ¶ 5.

This is not the type of "sum certain" contemplated by Rule 55(b)(1). *See, e.g., Pearson v. Sonnet Trucking, Inc.*, Civil Action No. 09-5917, 2011 U.S. Dist. LEXIS 78901, at *6 (E.D. Pa.

DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT - Case No. 1:21-cv-00158-CLC-CHS

July 19, 2011) ("Beca[u]se Pearson's complaint requests damages to compensate him for past and future medical expenses, pain, and suffering, his request is not for a sum certain…").  As the Sixth Circuit has stated, "Under a plain reading of Rule 55(b)(1), plaintiff's burden is to establish that the damages requested are such that may be computed to a sum certain and to present an affidavit computing damages." *Meyer v. Cincinnati*, Nos. 90-3679, 90-3805, 1991 U.S. App. LEXIS 20452, at *8 (6th Cir. Aug. 27, 1991).  Ms. Rajapakse's declaration (ECF No. 39-1) merely states that she seeks the amount of $100,000, without any such computation; this is not a claim for a sum certain.

Ms. Rajapakse's motion is frivolous for at least the reasons set forth above, and should be denied.


It was not possible before the deadline for response for Defendant to draft and serve a Rule 11 motion, nor to wait for the 21 day safe harbor period to expire; thus, it was not possible for Defendant to request sanctions for Plaintiff Rajapakse's frivolous motion.  Moreover, the Court granted Plaintiff's motion to proceed *in forma pauperis*, so requesting sanctions in the form of reimbursement would not appear to be meaningful.  ECF No. 7.  Yet, Plaintiff continues to make inappropriate filings that require attention by Defendant and the attendant expenses.

Defendant hopes that the Court will consider *sua sponte* issuing an order to show cause why Plaintiff should not be sanctioned for this frivolous filing.  Rule 11(c)(3) permits such an order.  Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause …").  Defendant does not currently seek any monetary sanction against Plaintiff.

Notably, this Court has already ordered Plaintiff to be familiar with and follow the rules.  ECF No. 5 ("IT IS FURTHER ORDERED that pro se parties familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules …").  The Court has done so on multiple occasions.  *Id.*, ECF No. 17 p. 2 ("If Plaintiff continues to represent herself …, she must familiarize herself with and follow (1) the Federal Rules of Civil Procedure, …"), ECF No. 26 p. 1 n. 1 ("[L]itigants who are representing themselves must still comply with the applicable rules of procedure."), ECF no. 28 p. 2 ("Plaintiff is again ORDERED that, if she continues to

3
DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT - Case No. 1:21-cv-00158-CLC-CHS

represent herself in this litigation, she must familiarize herself with and follow (1) the Federal Rules of Civil Procedure …").

Because Plaintiff Rajapakse has been explicitly ordered – four times – that she must be familiar with and follow the Federal Rules of Civil Procedure, it is apparent that the Plaintiff has not heeded the Court's orders and instead filed an entirely frivolous motion, without regard for the Federal Rules of Civil Procedure.

It would serve justice and the purposes of Rule 11(c) to require Plaintiff to seek permission from the Court, perhaps in the form of a letter, before filing any further motions to which Defendant may need to response. Thus, if the Court does decide to *sua sponte* require Plaintiff to show cause, Defendant suggests that the attendant sanction be a requirement that Plaintiff obtain permission from the Court before filing any further motions in this action.

## II.  CONCLUSION

Defendant requests that the Court deny the Motion for default judgment. Defendant hopes that the Court will consider *sua sponte* issuing an order for Ms. Rajapakse to show cause why she should not be sanctioned.

Respectfully submitted,

Dated: February 14, 2022

By:  /s/ Andrew T. Oliver
    ANDREW T. OLIVER

AMIN, TUROCY & WATSON LLP

Andrew T. Oliver (admitted *pro hac vice*)
aoliver@ATWiplaw.com
Cal Bar No. 226098
160 West Santa Clara Street, Suite 975
San Jose, CA  95113
Telephone: 650-618-6477
Facsimile: not used

*Attorneys for Defendant*
*Internet Escrow Services, Inc.*

Case 1:21-cv-00158-CLC-CHS   Document 40   Filed 02/14/22   Page 4 of 5   PageID #: 397
DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT - Case No. 1:21-cv-00158-CLC-CHS

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2022, I caused the foregoing to be served upon Plaintiff Samantha Rajapakse, by placing same in U.S. mail addressed to:

Samantha Rajapakse
3221 Westonia Drive
Chattanooga, TN 37412

and by attaching electronic copies of same to email sent to:

samantharajapakse@ymail.com

.

/s/ Andrew T. Oliver
Andrew T. Oliver