UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SAMANTHA RAJAPAKSE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:21-cv-158 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| INTERNET ESCROW SERVICES d/b/a ) | |
| ESCROW.COM, et al., ) | |
| ) | |
| *Defendant*. ) | |

## **M E M O R A N D U M**

Before the Court is a motion by Defendant, Internet Escrow Services, to dismiss the amended complaint of Plaintiff, Samantha Rajapakse, on jurisdictional and other grounds.[1] (Doc. 34.) Plaintiff responded in opposition (Docs. 37, 38), and Defendant replied (Doc. 42). Also before the Court is an August 31, 2022, motion by Plaintiff seeking to resolve this matter through alternative dispute resolution. (Doc. 50.) For the following reasons, the Court will **DENY IN PART** Defendant's motion to dismiss and hold the remainder of Defendant's motion to dismiss in **ABEYANCE** until **September 21, 2022,** so the parties may discuss settlement following the resolution of the threshold issues raised in Defendant's motion to dismiss.

**I. BACKGROUND**

In April 2021, Plaintiff offered $1,900 to purchase a vehicle from nonparty Evans Boakye ("Seller") in response to an advertisement Seller had placed on eBay. (Doc. 25 at 3.) Seller accepted, and Plaintiff and Seller used Defendant as an escrow agent for the transaction. (*Id.*)

---

[1] Plaintiff is representing herself in this lawsuit. Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Plaintiff paid $692 separately to have the vehicle shipped from Seller in Virginia to Plaintiff in Tennessee. (*Id.*)

Plaintiff was not satisfied with the condition of the vehicle during the two-day inspection period after delivery. (*Id.*) She communicated this dissatisfaction to Seller and Defendant. (*Id.* at 3–5.) Seller initially agreed to pay $300 to cover part of the return shipping costs but ultimately declined to do so. (*Id.* at 4.) Plaintiff could not afford to return the vehicle and it remains in Tennessee, where Plaintiff is paying to have it stored. (*Id.* at 4, 11.)

Plaintiff's amended complaint asserts claims against Defendant for breach of contract, fraud, negligence, and breach of an unspecified "Tennessee car law," and seeks punitive damages under the Tennessee Consumer Protection Act. (Doc. 30.)

## II. STANDARD OF REVIEW

As relevant to the Court's decision, Defendant's motion invokes Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure.

### A. Dismissal for Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)

When a defendant moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). A Rule 12(b)(1) motion may present either a facial attack, which questions the sufficiency of the pleadings, or a factual attack, which challenges the factual existence of subject-matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

### B. Dismissal for Lack of Personal Jurisdiction Under Rule 12(b)(2)

When a defendant moves to dismiss a case for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of showing the court has personal jurisdiction over the

2

Case 1:21-cv-00158-CLC-CHS   Document 51   Filed 09/06/22   Page 2 of 11   PageID #: 472

defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To do so, the plaintiff may not rely solely on the pleadings. *Id*. Rather, the plaintiff must, by affidavit or otherwise, set forth specific facts demonstrating the court's jurisdiction. *Id*. Where, as here, the court considers a motion to dismiss under Rule 12(b)(2) without the aid of an evidentiary hearing, the plaintiff need only make a *prima facie* case the court has personal jurisdiction. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). In ruling, the court construes the pleadings and affidavits in the light most favorable to the plaintiff and may also consider the defendant's undisputed factual assertions. *Id*. The court does not, however, weigh the controverting assertions of the party seeking dismissal, so as "to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *Theunissen*, 935 F.2d at 1459.

  **C.**   **Dismissal for Improper Venue Under Rule 12(b)(3)**

On a Rule 12(b)(3) motion to dismiss for improper venue, "the plaintiff bears the burden of proving that venue is proper." *Gone To The Beach, LLC v. Choicepoint Services, Inc.*, 434 F. Supp. 2d 534, 536–37 (W.D. Tenn. 2006). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id*. at 537.

**III.**   **DISCUSSION**

Defendant's motion to dismiss raises three threshold issues: subject-matter jurisdiction, personal jurisdiction, and venue. Defendant asks the Court to consider its other grounds for dismissal only if the Court denies the motion on those three primary grounds. The Court accordingly considers these three threshold issues in this Memorandum, beginning with subject-matter jurisdiction, followed by personal jurisdiction, and finally turning to the question of venue.

3

Because the Court decides each of these threshold issues in Plaintiff's favor, the Court then turns to Defendant's motion to dismiss for failure to state a claim on which relief may be granted.

### A. Subject-Matter Jurisdiction Under Rule 12(b)(1) and the Parties' Arbitration Agreement

Defendant moves for dismissal under Rule 12(b)(1), arguing the Court lacks subject-matter jurisdiction over the case because Plaintiff's contract with Defendant requires the arbitration of any dispute. (Doc. 36 at 9–11.) Defendant represents that caselaw is split as to whether dismissal for lack of subject-matter jurisdiction is appropriate where there is a binding arbitration agreement. (*Id.*) Defendant nevertheless argues dismissal of the case is the appropriate result under the precedent of the Court of Appeals for the Sixth Circuit. (*Id.*) In discussing the arbitration agreement, Defendant expressly states that it is not asking the Court to compel the parties to arbitrate the dispute. (*Id.* at 4.) Instead, Defendant represents that if the Court does not dismiss Plaintiff's case, Defendant "expects that it will likely" file a case in an appropriate court in Orange County, California, which is located in the Central District of California. (*Id.*) After any such filing, Defendant would "petition that court [in California] to compel arbitration while seeking a stay from this court." (*Id.*)

Plaintiff does not deny the existence of an arbitration agreement. (*See* Doc. 38 at 5.) And she, like Defendant, expressly states that she is not seeking to enforce the arbitration agreement. (*Id.* at 5–6.) She argues that a court must resolve claims of fraud as to the creation of an arbitration agreement before enforcing such an agreement, but she does not direct the Court to any facts tending to show fraud in the creation of the agreement in this case. (*Id.* at 5.) Instead, she makes allegations about Defendant's actions in litigation in another jurisdiction after the arbitration

4

agreement was created. (*Id.*) She also argues Defendant cannot simultaneously deny liability and require arbitration. (*Id.*)

A plaintiff typically bears the burden of proving a court's subject-matter jurisdiction in response to a motion to dismiss under Rule 12(b)(1). *See Davis*, 499 F.3d at 594. However, because Defendant's motion under Rule 12(b)(1) does not actually implicate the Court's subject-matter jurisdiction, as explained below, the burden of proof as to this part of Defendant's motion does not fall on Plaintiff.

Defendant relies on two cases to show that the parties' arbitration agreement deprives the Court of subject-matter jurisdiction. Neither of these cases holds that an arbitration agreement deprives a district court of subject-matter jurisdiction over a dispute. Defendant acknowledges as much, asserting its cases merely "suggest" it is appropriate to dismiss for lack of subject-matter jurisdiction where a dispute is subject to arbitration. (Doc. 36 at 9.) Defendant also acknowledges the existence of a case contrary to its position. (*Id.* at 10.) The Court will consider each of Defendant's three cited cases in turn.

First, Defendant points out that in *Green v. Ameritech*, the Court of Appeals for the Sixth Circuit quoted with approval this statement by the Court of Appeals for the Fifth Circuit: "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *See Green v. Ameritech*, 200 F.3d 967, 973 (6th Cir. 2000) (emphasis omitted) (quoting *Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

Whether an arbitration agreement deprives a court of subject-matter jurisdiction was not at issue in *Green*. Far from addressing a question under Rule 12(b)(1), *Green* considered whether a party challenging an arbitration award could do so by appealing a former district-court case which

5

had been dismissed by agreement after the parties entered into a contract requiring them to arbitrate their case. *Id.* at 970, 972–73. The Court of Appeals concluded that the plaintiff should have filed a new case to challenge the arbitration award instead of appealing the old one; but the Court of Appeals also held that the plaintiff's pleading error had not deprived the district court of subject-matter jurisdiction. *Id.* at 973–74. The *Green* court neither said nor implied that an arbitration agreement deprives a court of subject-matter jurisdiction. Rather, the *Green* court held the district court had subject-matter jurisdiction because diversity jurisdiction existed. *Id.* at 974.

Even on its face, the Defendant's quote from *Green* does not support dismissal here. The quoted language in *Green* discussed dismissal "when *all* the issues raised in the district court *must* be submitted to arbitration." *Green*, 200 F.3d at 973 (emphasis in original) (quoting *Alford*, 975 F.2d at 1164). Here, *none* of the issues *must* be submitted to arbitration, because no party is currently seeking to enforce the arbitration agreement. *Green* thus lends no support to Defendant's proposition that the existence of an arbitration agreement deprives the Court of its subject-matter jurisdiction.[2]

The second case on which Defendant relies, *Arabian Motors Group W.L.L. v. Ford Motor Co.*, 19 F.4th 938 (6th Cir. 2021), is also unhelpful to Defendant. It mentions neither subject-matter jurisdiction nor Rule 12(b)(1). Rather, the issue was "whether the district court should have stayed or dismissed th[e] federal court action to permit the remaining claims to be arbitrated under the Federal Arbitration Act," and the holding was that the district court had erred in choosing

---

[2] Nor was an arbitration agreement's impact on subject-matter jurisdiction at issue in *Alford*, the Fifth Circuit case *Green* quotes. The statement in *Alford* quoted in *Green* was made in the context of considering whether it is proper for a court to dismiss a case upon ordering arbitration, rather than staying the case as expressly instructed in the Federal Arbitration Act. *Alford*, 975 F.2d at 1164. *Alford* never mentions subject-matter jurisdiction or Rule 12(b)(1).

6

dismissal instead of a stay. *Arabian Motors*, 19 F.4th at 939. Defendant relies on a statement in the opinion that "[t]here may be situations in which a dismissal remains permissible—say a situation in which the dispute is moot or suffers from some other pleading or procedural defect." (Doc. 36 at 9–10 (quoting *Arabian Motors*, 19 F.4th at 942).) This dicta that a dismissal may be permissible after a court orders arbitration does not support Defendant's argument that Plaintiff's case must be dismissed for lack of subject-matter jurisdiction simply because an arbitration clause exists.

More to the point is the third, contrary case Defendant candidly acknowledges, *Aqua-Chem, Inc. v. Bariven, S.A.*, No. 3:16-cv-553-HSM-HBG, 2017 WL 10379636 (E.D. Tenn. Aug. 17, 2017). There, like here, the defendant "argue[d] that, because the [p]arties entered into a mandatory arbitration agreement, th[e] Court lacks subject-matter jurisdiction to hear Plaintiff's claims." *Id.* at *2. Also like here, the defendant "failed to cite any authority in support of the proposition that the presence of a mandatory arbitration clause divests th[e] Court of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Id.* The court in *Aqua-Chem* conducted its own analysis of the issue, concluding that most courts to consider the issue "have found that [Rule] 12(b)(1) is an improper procedural mechanism for enforcement of an arbitration clause." *Id.* The court noted that "[p]arties cannot alter this Court's authority to hear a case via contract." *Id.* Further, the Federal Arbitration Act requires that a court must have subject-matter jurisdiction before compelling arbitration, "clearly indicat[ing] that subject-matter jurisdiction and agreements to arbitrate must be analyzed separately." *Id.* at *3. Finally, the *Aqua-Chem* court noted that "the Sixth Circuit addressed a similar issue, albeit in the context of the Labor Management Relations Act, in *Teamsters Local Union 480 v. United Parcel Serv[ice], Inc.*, 748 F.3d 281 (6th Cir. 2014),"

7

Case 1:21-cv-00158-CLC-CHS Document 51 Filed 09/06/22 Page 7 of 11 PageID #: 477

ultimately holding that a defendant's motion to dismiss based on an arbitration clause was "more properly construed as a motion to dismiss under Rule 12(b)(6)" than as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *Id.* (quoting *Teamsters Local*, 748 F.3d at 286).

The Court agrees with *Aqua-Chem*'s reasoning and conclusion: the mere existence of an arbitration agreement between the parties does not deprive the Court of subject-matter jurisdiction over the parties' dispute. Accepting Defendant's contrary position would essentially transform the parties' arbitration agreement—which neither party currently wants to enforce—into a covenant not to sue. Because the mere existence of an arbitration agreement does not deprive the Court of subject-matter jurisdiction, the Court will **DENY** Defendant's motion **IN PART** as to Rule 12(b)(1).

## B. Personal Jurisdiction Under Rule 12(b)(2)

Defendant also moves for dismissal under Rule 12(b)(2), arguing the Court lacks both general and specific personal jurisdiction over Defendant. (Doc. 36 at 7–8.) Defendant cites no legal authority except Rule 12(b)(2) in its personal-jurisdiction argument. Defendant asserts that it "did not reach into Tennessee to conduct business with" Plaintiff, but Defendant does not otherwise discuss the legal standards for determining whether personal jurisdiction exists. (*Id.*) Defendant also does not cite any cases with facts comparable to the facts in this matter.

While it is true that a plaintiff typically bears the burden of proof on personal jurisdiction, the Court finds that Defendant's motion as to personal jurisdiction does not make a sufficient legal showing to require a response by Plaintiff or further analysis by the Court. It is not the Court's

8

Case 1:21-cv-00158-CLC-CHS   Document 51   Filed 09/06/22   Page 8 of 11   PageID #: 478

responsibility to search through caselaw to find support for Defendant's arguments. The Court will therefore **DENY** Defendant's motion **IN PART** as to Rule 12(b)(2).

### C. Venue Under Rule 12(b)(3)

Defendant further moves for dismissal under Rule 12(b)(3), raising two arguments.

First, Defendant argues Plaintiff agreed to mandatory venue in a different court through the following provision in the parties' contract: "All parties submit to personal jurisdiction in California, and venue in the County of Orange, State of California. The aforementioned choice of venue is intended by the parties to be mandatory and not permissive in nature." (Doc. 36 at 8.) Defendant cites no law explaining the effect of parties' venue clause on venue in this Court. The Court is not aware of any binding precedent to the effect that a contractual venue provision, on its own, makes venue in a different court improper. In fact, the Supreme Court has held the opposite: "Rule 12(b)(3) allow[s] dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Accordingly, "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of . . . Rule 12(b)(3)." *Id.* at 59.

Second, Defendant argues that even without considering the mandatory venue clause, venue is not proper in the Eastern District of Tennessee under 28 U.S.C. § 1391(b) because Defendant does not reside here, a substantial part of the relevant events or omissions did not take place here, no property that is the subject of the action is here, and Defendant is not subject to personal jurisdiction here. (*Id.* at 8–9.) Plaintiff responds that she previously filed her lawsuit in

9

the U.S. District Court for the Southern District of California, which she alleges held that "Tennessee had jurisdiction." (Doc. 38 at 13.) In its reply, Defendant argues Plaintiff misinterprets the relevant order by the California court, which merely listed several districts that "may qualify as an appropriate place to initiate th[e] lawsuit." (Doc. 42 at 2–3.)

As with its personal-jurisdiction argument, Defendant does not cite any legal authority regarding the enforceability of contractual venue provisions like the one on which it relies. Defendant merely quotes the venue provision and asks the Court to enforce it by dismissing the case under Rule 12(b)(3). (Doc. 36 at 8.)

Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A defendant entity is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). Because the Court, as discussed in the previous section, finds it may exercise personal jurisdiction over Defendant, venue in this district is likewise proper.

Venue would also be proper in this district under 28 U.S.C. § 1391(b)(2), which allows venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Venue is thus not limited to the single district in which the majority of acts or omissions took place; rather, it is proper in any district in which a substantial part of the acts or omissions took place. *Parenteau v. Century Bank*, No. 2:07-CV-851, 2008 WL 281626, at *2 (S.D. Ohio Jan. 31, 2008) (citing *1st of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998)). Plaintiff executed the contract on which she is suing in the Eastern District of Tennessee; she made the payment of the escrow amount to Defendant from the Eastern District of Tennessee; and the

escrowed property, the car, was delivered to Defendant and remains in the Eastern District of Tennessee. The Court finds that a substantial part of the events giving rise to the claim occurred in the Eastern District of Tennessee, and venue is therefore proper here. *See, e.g.*, *Pearle Vision, Inc. v. N.J. Eyes, Inc.*, No. 1:08-CV-190, 2009 WL 73727, at *5 (S.D. Ohio Jan. 6, 2009) (venue for diversity breach of contract case proper in district into which defendants submitted payment and from which plaintiff made decisions and communicated with defendants); *see also Emerman v. Fin. Commodity Invs., LLC*, No. 1:13-CV-2546, 2014 WL 12588501, at *5 (N.D. Ohio July 22, 2014) (using breach-of-contract-related factors of where the contract was negotiated, where it was performed, and where breach occurred to determine where substantial part of events or omissions took place for venue purposes for claims related to misconduct in formation of agreement).

### IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendant's motion to dismiss (Doc. 34) **IN PART** as to subject-matter jurisdiction, personal jurisdiction, and venue, and hold the remainder of Defendant's motion in **ABEYANCE** until **September 21, 2022,** to allow the parties time to discuss settlement following the resolution of these threshold issues from Defendant's motion to dismiss, in light of Plaintiff's desire to seek a negotiated or other non-litigation-based resolution of the dispute (*see* Doc. 50).

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**