UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SAMANTHA RAJAPAKSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:21-cv-158 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| INTERNET ESCROW SERVICES d/b/a ) | |
| ESCROW.COM, et al., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM**

Before the Court is a motion by Defendant, Internet Escrow Services, to dismiss the amended complaint of Plaintiff, Samantha Rajapakse, for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure and on other grounds.[1] (Doc. 34.) Plaintiff responded in opposition (Docs. 37, 38), and Defendant replied (Doc. 42). On September 6, 2022, the Court denied the motion to dismiss in part as to certain threshold issues and held the remainder of the motion in abeyance until September 21, 2022. (Doc. 52.) That time having expired, the Court now takes up the remainder of the motion.

## I.    **BACKGROUND**[2]

In April 2021, Plaintiff offered $1,900 to purchase a vehicle from nonparty Evans Boakye ("Seller") in response to an advertisement Seller had placed on eBay. (Doc. 25 at 3.) Seller accepted, and Plaintiff and Seller used Defendant as an escrow agent for the transaction. (*Id.*)

---

[1] Plaintiff is representing herself in this lawsuit. Filings by *pro se* litigants are liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

[2] This summary of the facts accepts all the factual allegations in Plaintiff's complaint as true, *see Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009).

Plaintiff paid $692 separately to have the vehicle shipped from Seller in Virginia to Plaintiff in Tennessee. (*Id.*)

Plaintiff was not satisfied with the condition of the vehicle during the two-day inspection period after delivery. (*Id.*) She communicated this dissatisfaction to Seller and Defendant. (*Id.* at 3–5.) Seller initially agreed to pay $300 to cover part of the return shipping costs but ultimately declined to do so. (*Id.* at 4.) Plaintiff could not afford to return the vehicle and it remains in Tennessee, where Plaintiff is paying to have it stored. (*Id.* at 4, 11.) Defendant released the escrowed payment of $1,900 to Seller despite having been informed through emails that the vehicle was not as Plaintiff had expected it to be and that she wanted to return the vehicle to the Seller. (*Id.* at 4.)

## II. STANDARD OF REVIEW

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)). The court is not, however, bound to accept bare assertions of legal conclusions as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In deciding a motion under Rule 12(b)(6), a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S.

662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III. DISCUSSION

Plaintiff's amended complaint asserts claims against Defendant for fraud, negligence, breach of an unspecified "Tennessee car law," violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. 47-18-104 (the "TCPA"), and breach of contract. (Doc. 30.) The Court will address each of these claims in turn.

#### A. Fraud

The first cause of action Plaintiff asserts in her amended complaint is fraud. (Doc. 30 at 5.) Under Tennessee law, the elements of a cause of action for fraud are: (1) an intentional misrepresentation of a material fact; (2) knowledge that the representation was false or recklessness as to whether it was true or false; (3) the plaintiff reasonably relied on the misrepresentation and was injured; and (4) the misrepresentation related to an existing or past fact, or, for promissory fraud, the misrepresentation consisted of a promise of future action while intending not to fulfill the promise. *Carter v. Patrick*, 163 S.W.3d 69, 77 (Tenn. Ct. App. 2004).

3

A complaint must state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b). To do so requires a plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)).

Plaintiff fails to allege facts that state a claim for fraud against Defendant. Where she does mention fraud, she generally ascribes that fraud to Seller, not Defendant. (*See* Doc. 30 at 5 ("Escrow.com was aware by the emails of the seller he committed fraud"); *see also id.* at 6 ("Escrow.com negligence of protecting Plaintiff funds after the discovery of the scam/fraud" and "the seller's intentional deceit").) Consistently with this, Plaintiff's response to the motion to dismiss also focuses primarily on her allegations of fraud by Seller and when Defendant should have learned of that fraud. (*See* Doc. 38 at 9–10.) Where the amended complaint does ascribe fraud to Defendant, it does so without alleging any facts to satisfy the elements of fraud, let alone with the particularity required by Rule 9(b): "First Plaintiff was deceived by the seller and later by Escrow.com the Defendant committing fraud." (Doc. 30 at 7.) Among other omissions, the amended complaint never identifies a false statement by Defendant.[3] As such, Plaintiff's amended complaint fails to state a claim for fraud on which relief can be granted.

---

[3] In her response to the motion to dismiss, Plaintiff argues that she "relied on the accuracy of Escrow.com verification process to ensure she was not being scammed during this transaction." (Doc. 38 at 10.) This still does not allege with particularity a false statement by Defendant as to a material fact, or a promise by Defendant which Defendant at the time did not intend to keep. More fundamentally, these arguments do not reflect facts alleged in the amended complaint itself.

4

## B. Negligence

The second cause of action Plaintiff asserts in her amended complaint is negligence. (Doc. 30 at 5.) Under Tennessee law, the elements of a cause of action for negligence are as follows: (1) a duty of care by the defendant to the plaintiff; (2) conduct by the defendant that breaches that duty of care; (3) an injury or loss suffered by the plaintiff; (4) that the defendant's conduct was the cause in fact of the plaintiff's injury; and (5) that the defendant's conduct was the proximate, or legal, cause of the plaintiff's injury. *Gigger v. Memphis Housing Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009).

The amended complaint describes Defendant's negligence as Defendant's having failed to protect Plaintiff from the fraud allegedly committed against her by Seller. (*See* Doc. 30 at 6 ("Escrow.com negligence of protecting Plaintiff funds after the discovery of the scam/fraud").) However, Tennessee law does not generally impose a duty on a defendant to protect a plaintiff from harm unless there is a special relationship either between the defendant and the plaintiff or between the defendant and the party who inflicts the harm. *Draper v. Westerfield*, 181 S.W.3d 283, 291 (Tenn. 2005). "Examples of relationships for which a duty has been imposed include carrier-passenger, innkeeper-guest, employer-employee, landowner-invitee, and host-social guest." *Marr v. Mongomery Elevator Co.*, 922 S.W.2d 526, 529 (Tenn. Ct. App. 1995). Neither Defendant's relationship with Plaintiff nor Defendant's relationship with Seller constituted a special relationship under this doctrine.

Rather, Defendant's relationships with Plaintiff and Seller were contractual. The breach of a duty imposed by a contract may give rise to a claim for breach of contract, but not a claim for negligence. *See Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 704–05 (M.D. Tenn. 2018) (quoting

*Oak Ridge Precision Indus., Inc. v. First Tenn. Bank Nat'l Ass'n*, 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992)) ("[W]here the alleged 'breach of duty' that a plaintiff alleges occurred is a breach of contractual obligations, whether or not the defendant was negligent in attempting performance, 'the action remains in contract.'") Because the amended complaint does not identify a legally cognizable duty Defendant owed to Plaintiff outside of their contract, Plaintiff's amended complaint fails to state a claim for negligence on which relief can be granted.

### C. Tennessee Car Law and TCPA

The amended complaint contains a section titled "Tennessee Car Law" and a section titled "Additional Damages (Punitive) Under Tennessee Consumer Protection Act." (Doc. 30 at 7–8 (capitalization altered).) Neither states a claim for relief. The section titled "Tennessee Car Law" does not identify any statutory or common-law cause of action regarding cars. (*Id.* at 7.) The section seeking punitive damages under the TCPA does not cite any of the fifty-five specific subsections of the TCPA under which an individual may bring a legal action, *see* Tenn. Code Ann. § 47-18-104(b)(1)–(26), (28)–(56), nor does it allege facts that would state a plausible claim for relief under any of those sections. (Doc. 30 at 7–8.) The amended complaint thus fails to state a claim for violation of a Tennessee car law or the TCPA.[4]

### D. Breach of Contract

Plaintiff's only remaining cause of action is for breach of contract. (*See* Doc. 30 at 5–6.) However, this Court is a court of limited jurisdiction, and as such, "ha[s] a continuing obligation to examine [its] subject-matter jurisdiction throughout the pendency of every matter before [it]."

---

[4] Plaintiff also accuses Defendant of conducting business in Tennessee without a license. (Doc. 30 at 2–3.) The amended complaint does not identify an cause of action through which Plaintiff may pursue such a claim.

*In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991) (footnote omitted).  Thus, before addressing the merits of Plaintiff's claim for breach of contract, the Court must consider whether it has subject-matter jurisdiction over this single remaining claim.

Plaintiff's original complaint invoked the diversity jurisdiction of this Court under 28 U.S.C. § 1332.  (Doc. 2 at 4.)  The amended complaint does not address subject-matter jurisdiction, but because it does not purport to state any federal claims, Plaintiff's only basis for subject-matter jurisdiction remains diversity of citizenship.  (*See* Doc. 30.)

A federal court has subject-matter jurisdiction based on diversity only if complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332; *see U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992).  The amount in controversy is based on "the plaintiff's alleged amount unless 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed[.]'"  *Ozomoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 973 (6th Cir. 2009) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Such a "legal certainty" exists "when state law categorically bars the plaintiff from recovering the necessary amount."  *Id.* (citing *Kovacs v. Chesley*, 406 F.3d 393, 395–97 (6th Cir. 2005)).  Such a "legal certainty" also exists where it is obvious from the face of the complaint that the suit cannot involve the required amount of damages, although this rule must be applied with caution.  *Id.* at 973–74 (quoting *St. Paul Mercury*, 303 U.S. at 292)); *see also Gill v. Allstate Ins. Co.*, 458 F.2d 577 (6th Cir. 1972) (affirming dismissal for lack of subject-matter jurisdiction where record supported the conclusion that the damages at issue could not be in the required amount).

In a suit for breach of contract under Tennessee law, an amount of damages must be awarded that will "place the plaintiff, as nearly as possible, in the same position he would have had if the contract had been performed." *BancorpSouth Bank, Inc., v. Hatchel*, 223 S.W.3d 223, 228 (Tenn. Ct. App. 2006) (quoting *Wilhite v. Brownsville Concrete Co.*, 798 S.W.2d 772, 775 (Tenn. Ct. App. 1990)). However, "[t]he plaintiff is not entitled to profit from the defendant's breach." *Id.* (citing *Hennessee v. Wood Grp. Enters., Inc.*, 816 S.W.2d 35, 37 (Tenn. Ct. App. 1991.)) While the amount of damages is a question for the jury, "the choice of the proper measure of damages is a question of law to be decided by the court." *Id.* (quoting *Beaty v. McGraw*, 15 S.W.3d 819, 827 (Tenn. Ct. App. 1998)).

The largest item of damages Plaintiff seeks is $100,000 "for mental duress, emotional duress, humiliation, depression due to negligence caused by Escrow.com negligence of non performance of the contract between the parties to protect Plaintiff." (Doc. 30 at 11 (so in original).) It is legally certain that Plaintiff cannot recover this category of damages. While emotional-distress damages may be available for a negligence claim, the Court is dismissing Plaintiff's negligence claim for failure to state a claim on which relief may be granted. *Supra* § III(B). Plaintiff's only remaining claim is for breach of contract, and emotional-distress damages are not available in breach-of-contract actions under Tennessee law, with certain narrow exceptions inapplicable here. *See Johnson v. Woman's Hosp.*, 527 S.W. 2d 133, 141 (Tenn. Ct. App. 1975) (damages for mental anguish not recoverable in contract action, with exception in cases for burial or embalmment of a body).

The remainder of Plaintiff's demand for damages consists of the $1,900 purchase price of the vehicle; $3,500 for repairs to the vehicle; $87 per day for loss of use of the vehicle; and $25

8

per day for storage fees for the vehicle. It is apparent to a legal certainty from these demands that Plaintiff cannot recover more than $75,000 on her complaint. First, the purchase price and claimed repair amount total $5,400, which is $69,600 short of the jurisdictional amount. For Plaintiff to reach the jurisdictional amount, a jury would have to award her $87 for loss-of-use and $25 for storage costs for 622 days, or approximately twenty-one months. Such an award on the facts as alleged in this case would be impossible. It would also be improper, as it would allow Plaintiff to benefit from Defendant's alleged breach.

Put another way, for federal jurisdiction to exist, Plaintiff would have to have a possibility of recovering the $1,900 purchase price of the vehicle approximately forty times over. That is inconceivable in this breach-of-contract action. The Court concludes that Plaintiff's breach-of-contract claim does not satisfy the jurisdictional amount, and the Court therefore lacks subject-matter jurisdiction over the claim.

### IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT IN PART** Defendant's motion to dismiss (Doc. 34). The Court will **DISMISS WITH PREJUDICE** Plaintiff's claims for fraud, negligence, and violation of the TCPA. The Court will **DISMISS WITHOUT PREJUDICE** Plaintiff's claim for breach of contract based on the Court's lack of subject-matter jurisdiction. The Court will **DENY AS MOOT** all other motions pending in the case.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

9

Case 1:21-cv-00158-CLC-CHS   Document 64   Filed 09/30/22   Page 9 of 9   PageID #: 543